UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X
HEATHER FONTANA,

                                 Plaintiff,

    -against-

BOWLS AND SALADS MEXICAN
GRILL INC., ET. AL.,

                              Defendants.
------------------------------------------------------------------------X

For Online Publication Only

**ORDER**
19-CV-01587 (JMA) (ARL)

FILED
CLERK
4/21/2020 2:36 pm
U.S. DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
LONG ISLAND OFFICE

**AZRACK, United States District Judge:**

    Before the Court is the motion of plaintiff Heather Fontana ("Plaintiff") for a default judgment against defendants Bowls and Salads Mexican Grill, Inc., d/b/a Alberts Pizza, Luis Rojas, and "Alfredo [Last Name Unknown]" for violations of Title VII, New York State Human Rights Law, New York Executive Law, and New York tort law. For the reasons stated herein, Plaintiff's motion for a default judgment is GRANTED against defendants Bowls and Salads Mexican Grill, Inc., d/b/a Alberts Pizza, and Luis Rojas ("The Identified Defendants") solely with respect to the issue of liability.

    Within sixty (60) days, Plaintiff is ordered to show cause, in writing, why the Court should not: (i) deny Plaintiff's motion for a default judgment against the defendant who has been identified only as "Alfredo [Last Name Unknown]"; and (ii) dismiss that defendant. Plaintiff has not shown that it is appropriate to grant a default judgment against a defendant who is only identified by a first name.

    Additionally, within sixty (60) days, Plaintiff shall identify, in writing, the amount of damages she seeks to recover and the evidence she intends to submit to the Court in support of that damages request.

## I.  DISCUSSION

### A.  The Identified Defendants Defaulted

The Identified Defendants were properly served, (ECF Nos. 11, 12), but have never answered, appeared, responded to the instant motion for default judgment, or otherwise defended this action.  Accordingly, the Clerk of Court issued an entry of default against the Identified Defendants on August 29, 2019.  (ECF No. 19.)

### B.  Liability

When a defendant defaults, the Court is required to accept all of the factual allegations in the complaint as true and draw all reasonable inferences in the plaintiff's favor.  Finkel v. Romanowicz, 577 F.3d 79, 84 (2d Cir. 2009).  However, the Court also must determine whether the allegations in the complaint establish the defendant's liability as a matter of law.  Id.  Here, the allegations in the complaint, (ECF No. 1), are sufficient to establish the Identified Defendants' liability on all of the causes of action alleged in the complaint.

### C.  Damages

"'[W]hile a party's default is deemed to constitute a concession of all well pleaded allegations of liability, it is not considered an admission of damages.'"  Bricklayers & Allied Craftworkers Local 2, Albany, N.Y. Pension Fund v. Moulton Masonry & Const., LLC, 779 F.3d 182, 189 (2d Cir. 2015) (quoting Cement & Concrete Workers Dist. Council Welfare Fund v. Metro Found. Contractors, Inc., 699 F.3d 230, 234 (2d Cir. 2012)).  The Court must conduct an inquiry to "ascertain the amount of damages with reasonable certainty."  Credit Lyonnais Sec.,

Inc. v. Alcantara, 183 F.3d 151, 155 (2d Cir. 1999) (citing Transatlantic Marine Claims Agency, Inc. v. Ace Shipping Corp., 109 F.3d 105, 111 (2d Cir. 1997)).

Plaintiff has not identified any damages she seeks to recover. Within sixty days, Plaintiff must identify the amount of her damages and the evidence she intends to present to the Court in support of that damages claim. Given the nature of Plaintiff's claims, it appears likely that a hearing will ultimately be necessary to ascertain damages.

## II. CONCLUSION

For the reasons stated above, Plaintiff's motion for a default judgment as to liability is granted against defendants Bowls and Salads Mexican Grill, Inc., d/b/a Alberts Pizza, and Luis Rojas.

Within sixty (60) days, Plaintiff is ordered to: (i) show cause, in writing, why the Court should not deny Plaintiff's motion for a default judgment against defendant "Alfredo [Last Name Unknown]," and dismiss that defendant; and (ii) identify, in writing, the amount of damages she seeks to recover and the evidence she intends to submit to the Court in support of that damages request. If Plaintiff fails to respond within sixty days, the Court may dismiss the claims against the Identified Defendants as well as the claims against "Alfredo [Last Name Unknown]."

**SO ORDERED.**

Dated: April 21, 2020
      Central Islip, New York

                                                                                   /s/ (JMA)
                                                                                  JOAN M. AZRACK
                                                                                  UNITED STATES DISTRICT JUDGE