UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
───────────────────────────────────────X
HEATHER FONTANA,

                                                         Plaintiff,

    -against-

BOWLS AND SALADS MEXICAN GRILL INC.,
d/b/a ALBERTS PIZZA, ET. AL

                                     Defendants.
───────────────────────────────────────X

For Online Publication Only

**ORDER**
19-CV-01587 (JMA)(ARL)

**AZRACK, United States District Judge:**

Plaintiff Heather Fontana ("Plaintiff") commenced this action on March 19, 2019, against Defendants Bowls and Salads Mexican Grill, Inc., d/b/a Alberts Pizza, Luis Rojas, and "Alfredo [Last Name Unknown]" for violations of Title VII, New York State Human Rights Law, New York Executive Law, and New York tort law.

On April 21, 2020, Plaintiff's motion for a default judgment as to liability was granted against defendants Bowls and Salads Mexican Grill, Inc., d/b/a Alberts Pizza, and Luis Rojas. (ECF No. 21.) On May 27, 2021, the Court referred the issue of damages to the Honorable Magistrate Judge Arlene R. Lindsay. By Report and Recommendation ("R&R") dated February 3, 2022, Judge Lindsay recommended that the Plaintiff be awarded $77,913.50 in back pay and $15,000 in compensatory damages for emotional distress. (R&R, ECF No. 26.) The R&R further recommended that no punitive damages or attorney fees be awarded. (ECF No. 26.)

When a party timely objects to a magistrate judge's R&R, the court reviews de novo "those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1)(C); accord Fed. R. Civ. P. 72(b)(3). The court otherwise reviews the

1

R&R for clear error. Dong v. Miller, 2018 WL 1445573, at *5 (E.D.N.Y. Mar. 23, 2018). "Where objections are merely perfunctory responses and not specific and clearly aimed at particular findings in the magistrate judge's proposal, clear error, and not de novo, review applies." Perez v. Lee, No. 14-CV-5763, 2018 WL 740995, at *2 (S.D.N.Y. Feb. 7, 2018) (internal quotation marks, citations, and emphasis omitted). "Furthermore, even in a de novo review of a party's specific objections, the Court ordinarily will not consider arguments, case law and/or evidentiary material which could have been, but were not, presented to the magistrate judge in the first instance." 4 B's Realty 1530 CR39, LLC v. Toscano, 818 F. Supp. 2d 654, 659 (E.D.N.Y. 2011) (citations and quotation marks omitted).

On February 17, 2022, Plaintiff objected to the compensatory, punitive, and attorney's fee portions of the R&R. ("Pl's Obj.," ECF No. 27.)  Plaintiff argues that Judge Lindsay erred in recommending that the Court decline to award Plaintiff anything with respect to punitive damages and attorney's fees. (Pl's Obj. at 2.)  Plaintiff further claims that Judge Lindsay erred in recommending that the Court only award "nominal damages" with respect to her emotional distress damages. (Id.) The Court addresses each of Plaintiff's objections in turn.

**1. Emotional-Distress Damages**

Plaintiff objects to the R&R's recommendation to award $15,000 in emotional distress damages.  (Pl's Obj. at 1.)  Plaintiff had originally sought $3 million dollars in emotional distress damages for her approximately two-month period of employment. (R&R at 10; ECF No. 22 at 1.) Plaintiff claims that Judge Lindsay erroneously considers Plaintiff's emotional distress to be of the lower "garden-variety" type. (Pl's Obj. at 1.) The Court disagrees.

Judge Lindsay's well-reasoned R&R considered the entirety of the evidence provided in the record and appropriately assessed Plaintiff's damages. (R&R at 10-12.)  Notably, Plaintiff was

2

afforded more than one opportunity to provide detailed evidence of damages. (See Electronic Orders dated April 21, 2020, May 28, 2021.) Now, in her objection, Plaintiff submits a declaration which presents new arguments concerning the extent of her emotional distress. The Court declines to consider these arguments which should have been presented to Judge Lindsay. "In this ... circuit, it is established law that a district judge will not consider new arguments raised in objections to a magistrate judge's report and recommendation that could have been raised before the magistrate but were not." Illis v. Artus, No. 06–CV–3077, 2009 WL 2730870, at *1 (E.D.N.Y. Aug. 28, 2009). Accordingly, upon de novo review of the record before Judge Lindsay, the Court agrees with Judge Lindsay's well-reasoned R&R that an award of $15,000 is warranted for Plaintiff's claims of emotional distress.

**2. Punitive Damages**

Plaintiff objects to the R&R's recommendation to award no punitive damages. Plaintiff argues that Defendants' conduct involved the requisite malice and reckless indifference to sustain an award of $6 million dollars in punitive damages. (Pl's Obj. at 9.) In her letter outlining her damages, Plaintiff merely stated "because the nature of Defendants' conduct was intentional, Plaintiff also claims punitive damages in the amount of $6,000,000.00 as an amount that is to punish Defendants and to deter Defendants and others from such unlawful conduct." (ECF No. 22.) Plaintiff's Objection similarly fails to explain how Defendant's action supported "an inference of the requisite evil motive." (Pl's Obj. at 9.) Moreover, the Court notes that even when a defendant's conduct rises to a level that permits an award of punitive damages, a factfinder has the discretion not to award punitive damages. See Wright v. Musanti, 887 F.3d 577, 588 (2d Cir. 2018) ("The imposition of punitive damages is properly committed to the sound discretion of the district court…") After reviewing the record before Judge Lindsay de novo, the Court overrules

3

Plaintiff's objections and adopts Judge Lindsay's recommendation to award no punitive damages.

### 3. Attorney's Fees and Costs

Judge Lindsay recommended no attorney's fees be awarded given that Plaintiff "failed to provide a shred of evidence" in support of attorneys' fees and costs. "The burden is on the party seeking attorney's fees to submit sufficient evidence to support the hours worked and the rates claimed." See, Hensley v. Eckerhart, 461 U.S. 424, 433, 103 S.Ct. 1933, 76 L.Ed.2d 40 (1983); Cho v. Koam Med. Servs. P.C., 524 F.Supp.2d 202, 209 (E.D.N.Y. 2007). Plaintiff's objection seeks to remedy this deficiency by providing, for the first time, the amount of attorney's fees and costs sought. However, the Court declines to consider this new evidence. Accordingly, upon de novo review of the record before Judge Lindsay, the Court overrules Plaintiff's objection concerning fees and adopts Judge Lindsay's recommendation to award Plaintiff no fees.[1]

### 4. Conclusion

Plaintiff's remaining arguments, to the extent not already addressed herein, have been considered by the Court and are found to be without merit. The Court hereby adopts Judge Lindsay's Report and Recommendation in its entirety as the opinion of the Court.

Accordingly, the Court orders that a judgment be entered awarding Plaintiff $77,913.50 in back pay and $15,000 in compensatory damages for emotional distress. The Clerk of Court is directed to close this case.

---

[1] Even if the Court were to consider Plaintiff's newly submitted evidence concerning attorney's fees and costs, the Court would deny fees based on that evidence. The Court notes that Federal Rule of Civil Procedure 54(d)(2)(b) permits a party to seek attorney's fees and costs within 14 days of the entry of judgment pursuant. Any post-judgment fees motion must include an affidavit from counsel and contemporaneous time and billing records supporting the amount of fees and cost sought.

**SO ORDERED.**

Dated: June 30, 2022
Central Islip, New York

                                                    /s/   JMA
                                       JOAN M. AZRACK
                                       UNITED STATES DISTRICT JUDGE