UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------------------X
HEATHER FONTANA,

                                      Plaintiff,

     -against-

BOWLS AND SALADS MEXICAN GRILL,
INC., d/b/a ALBERTS PIZZA,
and LUIS ROJAS




                                   Defendants.
-------------------------------------------------------------------------X

For Online Publication Only

**ORDER**
19-CV-01587 (JMA) (ARL)

**FILED**
**CLERK**
9:36 am, Oct 31, 2022
U.S. DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
LONG ISLAND OFFICE

**AZRACK, United States District Judge:**

On July 5, 2022, the Court granted Plaintiff Heather Fontana's motion for a default judgment against Defendants Bowls and Salads Mexican Grill, Inc. and Luis Rojas for violations of Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000-e, et seq. ("Title VII"); the New York State Human Rights Law, N.Y. Exec. Law §§ 290, et seq. ("NYSHRL"); and New York tort law. (ECF No. 30.) Familiarity with the record is assumed based on the Court's previous orders. (ECF Nos. 21, 26, 30.)

Plaintiff now moves pursuant to Rule 54(d) of the Federal Rules of Civil Procedure for an award of attorneys' fees and costs in the amount of $14,329.10, plus prejudgment interest. (ECF No. 32-1.) For the reasons below, the Court grants Plaintiff's motion.

## I. DISCUSSION

### A. Rule 54(d)

Federal Rule of Civil Procedure 54(d)(2)(A) authorizes a party to make "[a] claim for attorney's fees and related nontaxable expenses . . . by motion unless the substantive law requires

1

those fees to be proved at trial as an element of damages." Such a motion must "specify the judgment and the statute, rule, or other grounds entitling the movant to the award." Fed. R. Civ. P. 54(d)(2)(B)(ii). In addition, Rule 54(d)(1) provides that "costs—other than attorney's fees— should be allowed to the prevailing party." Fed. R. Civ. P. 54(d)(1).

## B. Attorney's Fees and Costs

Title VII permits a court, in its discretion, to award a reasonable attorney's fee to the "prevailing party." 42 U.S.C. § 2000e-5(k); see also Quaratino v. Tiffany & Co., 166 F.3d 422, 425 (2d Cir. 1999); Tancredi v. Metro. Life Ins. Co., 378 F.3d 220, 228 (2d Cir. 2004). Generally, a prevailing plaintiff is entitled to an award of fees "unless special circumstances would render an award unjust." Raishevich v. Foster, 247 F.3d 337, 344 (2d Cir. 2001).[1]

The Court finds that Plaintiff is the "prevailing party" as a matter of law. "A litigant is a prevailing party when she has received actual relief on the merits of h[er] claim ..." Gierlinger v. Gleason, 160 F.3d 858, 880 (2d Cir.1998) (internal citations omitted); see also Farrar v. Hobby, 506 U.S. 103, 113 (1992) (A plaintiff who obtains compensatory damages is a prevailing party because "[a] judgment for damages in any amount, whether compensatory or nominal, modifies the defendant's behavior for the Plaintiff's benefit by forcing the defendant to pay an amount of money he otherwise would not pay.").

As a "prevailing party," Plaintiff is entitled to attorney's fees and costs. District courts have "considerable discretion in determining what constitutes reasonable attorney's fees in a given case." Barfield v. New York City Health & Hosps. Corp., 537 F.3d 132, 151 (2d Cir. 2008). When exercising their discretion to determine the reasonableness of attorney's fees, courts in this circuit

---

[1] The Court notes that both NYSHRL and NYCHRL also authorize a court to exercise discretion awarding a prevailing party costs and reasonable attorney's fees. See N.Y. Exec. Law § 297(10); N.Y.C. Admin. Code § 8-502(g).

use the "presumptively reasonable fee" standard. Arbor Hill Concerned Citizens Neighborhood Ass'n v. Cnty. of Albany, 522 F.3d 183, 190 (2d Cir. 2008). The presumptively reasonable fee, also known as the lodestar, is "the product of a reasonable hourly rate and the reasonable number of hours required by the case." Millea v. Metro-North R.R. Co., 658 F.3d 154, 166 (2d Cir. 2011).

The "critical inquiry" to determine the reasonableness of the hours spent on the litigation is "whether, at the time the work was performed, a reasonable attorney would have engaged in similar time expenditures." Grant v. Martinez, 973 F.2d 96, 99 (2d Cir. 1992). To assist the court in determining the proper fee, "the burden is on the fee applicant to produce satisfactory evidence — in addition to the attorney's own affidavits — that the requested rates are in line with those prevailing in the community for similar services by lawyers of reasonably comparable skill, experience, and reputation." Lin v. Joe Japanese Buffet Rest. Inc., No. 17-CV-3435, 2022 WL 2718584, at *4 (E.D.N.Y. June 7, 2022), report and recommendation adopted, 2022 WL 2716487 (E.D.N.Y. July 13, 2022) (internal citations omitted).

Here, Plaintiff seeks $12,891.50 for a total of 43.7 hours at an hourly rate of $295.00. (ECF No. 32-1 at 6.) Having reviewed the accompanying declaration of counsel, attached time records, and based on the Court's own knowledge of rates charged in this District, the Court finds that the hourly rate and total hours are both reasonable. Plaintiff has concretely established the attorney's fees and costs incurred in this action. Accordingly, the Court awards Plaintiff $12,891.50 in attorney's fees. Plaintiff is also entitled to recover litigation costs. See Fed. R. Civ. P. 54(d)(1). Therefore, the Court awards $1,437.60 in costs based on Plaintiff's submissions. (ECF No. 32-2 at 14.)[2]

## II. **CONCLUSION**

---

[2] Having granted attorney's fees and costs under Title VII, the Court declines Plaintiff's request to award pre-judgment interest under New York state law.

For the foregoing reasons, the Clerk of Court is directed to enter a judgment in accordance with the following: (1) an award of $12,891.50 as attorneys' fees to the Plaintiff as a prevailing party in this litigation; (2) reasonable costs and expenses in the amount of $1,437.60.

**SO ORDERED.**

Dated: October 31, 2022
Central Islip, New York

/s/     JMA
JOAN M. AZRACK
UNITED STATES DISTRICT JUDGE